IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **GLEN RICARDO TILL,**[1] | * | |
| Petitioner, | * | |
| v. | | Case No.: GJH-20-2652 |
| | * | |
| **WARDEN, FCI CUMBERLAND** | | |
| | * | |
| Respondent. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In response to this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Respondent filed a Motion to Dismiss or for Summary Judgment asserting that Petitioner's claim is without merit. ECF No. 6. Petitioner opposes the motion. ECF No. 8. No hearing is needed. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Respondent's motion is granted and the petition is denied.[2]

**I. BACKGROUND**

**A. Factual Background**

The underlying facts in this case are undisputed. On three separate occasions, a Michigan

---

[1] The Clerk shall amend the docket to reflect Petitioner's full and correct name.

[2] In a supplemental filing, Petitioner contends that he was denied medical care in violation of the Eighth Amendment. ECF No. 2. The filing was inadvertently docketed in this case as "Supplemental to 1 Petition for Habeas Corpus." *Id*. Respondent filed a "Motion to Docket ECF 2 Pleading in a Separate Action" requesting the Court to issue an order that ECF No. 2 be docketed as a separate action since Petitioner's supplemental filing does not allege any facts or legal claims relating to ECF No. 1 and does not challenge the fact or duration of Petitioner's sentence. ECF No. 5. The Court grants Respondent's Motion to Docket and the Clerk is directed to docket ECF No. 2 as a new civil rights case. *See Manuel v. Stewart*, No. DKC-13-2043, 2014 WL 4094788, at *1 n.2 (D. Md. Aug. 18, 2014) ("A § 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement."). Petitioner shall be given an opportunity to amend his civil rights complaint within that separate proceeding.

state court issued Petitioner a 20-year sentence for drug charges, resulting in an aggregated sentence of 60 years. ECF No. 6-2 1–2, 7–8, 11–13, 16–21, 23, 25. The maximum expiration date for the aggregated sentence is November 13, 2067. *Id.* at 2, 7. Petitioner was released on state parole on February 9, 2016. *Id.* at 2, 71.

During a home parolee compliance check, on March 2, 2017, state authorities arrested Petitioner because a handgun was found in his home. *Id.* at 2, 29–30. On March 16, 2017, a criminal complaint was filed in the United States District Court for the Eastern District of Michigan, charging Petitioner with possession of a firearm by a convicted felon. *Id.* at 2, 27–30. The Michigan Parole Board revoked Petitioner's state parole on March 23, 2017, crediting him for all time spent on parole and in custody. *Id.* at 2, 7.

The United States District Court for the Eastern District of Michigan issued a Writ of Habeas Corpus Ad Prosequendum on March 21, 2017. *Id.* at 2, 32–35. On April 26, 2017, Petitioner was "borrowed" from state custody pursuant to the writ in order to make an initial appearance in the federal court. *Id.* at 3, 37.

On May 9, 2017, Petitioner was indicted in the United States District Court for the Eastern District of Michigan on one count of felon in possession of a firearm. *Id.* at 3, 40–43. On August 23, 2018, the federal court sentenced Petitioner to 84 months in prison. *Id.* at 10, 45–46. The Court ordered the federal sentence to be served concurrently with the undischarged term of imprisonment from the Michigan Department of Corrections ("MDOC"). *Id*. The United States Marshals Service ("USMS") returned Petitioner to Michigan state authorities on October 1, 2018, placing the federal judgement as a detainer with MDOC. *Id.* at 3, 37.

On July 10, 2019, Petitioner was released on parole from his Michigan state sentence to the custody of the USMS to continue to serve his federal sentence. *Id.* at 3, 37, 54. Petitioner's

2

projected statutory release date via good time credits is August 9, 2024. *Id.* at 67.

### B.     Procedural Background

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on September 11, 2020, asserting that the Bureau of Prisons refused to credit Petitioner for presentence time spent in federal custody from March 2, 2017 to March 17, 2020. ECF No. 1 at 2. Petitioner then, on September 14, 2020, filed a document docketed as "Supplemental to 1 Petition for Writ of Habeas Corpus[,]" alleging Eighth Amendment violations unrelated to the original petition. ECF No. 2. On October 9, 2020, Respondent filed a "Motion to Docket ECF 2 Pleading in a Separate Action[,]" ECF No. 5, which the Court now grants. *See supra* note 2. Finally, Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on November 5, 2020, ECF No. 6, which Petitioner opposed on December 14, 2020, ECF No. 8.

## II.    STANDARD OF REVIEW

### A.     Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Respondent's Motion to Dismiss the Petition is evaluated under the same standards as a motion to dismiss a complaint filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint[,]" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.     **Motion for Summary Judgment**

If the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. When the moving party styles its motion as a Motion to Dismiss or, in the Alternative, for Summary Judgment, as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61

4

(4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre-or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 322–23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if "sufficient evidence favoring the nonmoving party" exists for the trier of fact "to return a verdict for that party." *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (citation omitted). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citation omitted).

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g.*, *Demery v. Extebank Deferred Comp. Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal quotation marks and citation omitted). To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery "could possibly create a genuine issue of material fact sufficient . . . to survive summary judgment, or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015) (internal quotation marks and citation omitted).

## III. DISCUSSION

The parties differ regarding whether Petitioner has been provided all the credit that he is due toward his sentence. According to Petitioner, he has not received proper custody credit from March 2, 2017 to March 17, 2020. ECF No. 1 at 2, 7, 8. Based on the evidence provided, however, the Court finds a fair-minded jury could not return a verdict in Petitioner's favor on that issue and thus Respondent's Motion, treated as a motion for summary judgment,[3] is granted. *See Anderson*, 477 U.S. at 252.

It is the responsibility of the United States Attorney General to determine, pursuant to 18 U.S.C. § 3585, when a sentence begins for a prisoner committed to their custody and whether the

---

[3] Although Petitioner seeks discovery, stating that he needs discovery to demonstrate that the time he spent in federal custody from March 2, 2017, to August 22, 2018, was not credited toward his state court sentence, ECF No. 8-1 at 1–2, the requested discovery could not "possibly create a genuine issue of material fact sufficient . . . to survive summary judgment," *see Poindexter*, 792 F.3d at 411. First, Petitioner admits that his parole was revoked on March 23, 2017 by the Michigan Parole Board and he was credited with all the time spent on parole and custody prior to March 23, 2017. EF *Id.* at 1. Moreover, as discussed below, *see infra* § III, Petitioner remained under the primary jurisdiction of the state of Michigan between March 23, 2017, and August 22, 2018, in continuous service of his 60-year aggregated state sentence, and, therefore, he *did* receive credit toward his state court sentence. No further discovery on this issue is necessary. Plaintiff has not met his burden to receive Rule 56(d) relief and thus Respondent's Motion is treated as a motion for summary judgment.

prisoner should receive credit for any time spent in custody. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992); 18 U.S.C. § 3621(a). However, the authority to calculate federal sentences was delegated to the Bureau of Prisons ("BOP") by the Attorney General. *See* 28 C.F.R. § 0.96 (2010).

Pursuant to 18 U.S.C. § 3585(a), a federal sentence does not commence until a prisoner has been received into custody for service of the sentence. *See* 18 U.S.C. §3585(a). Additionally, although "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[,]" such credit is limited to time "that has not been credited against another sentence." *Id.* § 3585(b).

When "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Dickens v. Stewart*, No. DKC 13-0795, 2014 WL 858977, at *2 (D. Md. Mar. 4, 2014) (citing *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998)). Thus, when, as here, "a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence 'commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.'" *Id.* (quoting *Evans,* 159 F.3d at 912). This is because "[a] federal sentence does not commence until the Attorney General receives the defendant into his 'custody' for service of that sentence," unless "the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." *Evans*, 159 F.3d at 911–12 (citations omitted). To relinquish or waive primary jurisdiction, a state may "deliver [the prisoner] into federal custody for the purpose of beginning his federal

sentence." *Trowell v. Beeler*, 135 F. App'x 590, 594 (4th Cir. 2005). Primary jurisdiction can be relinquished by operation of law such as through bail release, expiration of the sentence, parole, or dismissal of the charges. *United States v. Cole*, 416 F. 3d 894, 897 (8th Cir. 2005). Primary jurisdiction is not relinquished however, when an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum. *Evans*, 159 F.3d at 912 (citing *Thomas v. Whalen*, 962 F. 2d 358, 361 n. 3 (4th Cir. 1992)).

State authorities arrested Petitioner on March 2, 2017, causing the state to acquire primary jurisdiction over him. ECF No. 6-2 at 2, 29–30. On March 23, 2017, the Michigan Parole Board revoked Petitioner's parole, resuming Petitioner's service of his underlying 60-year aggregated state sentence, which does not expire until November 13, 2067. *Id.* at 2–3, 7; ECF No. 8-1. However, Petitioner was given credit for time spent on parole and in custody prior to the revocation. ECF No. 6-2 at 3, 7; ECF No. 8-1 at 1. In particular, it is undisputed that Petitioner was given credit towards his aggregated state sentence for the time he spent in custody between March 2, 2017, and March 23, 2017, *see* ECF No. 8-1 at 1 (Petitioner admitting that he "was credited with all the time spent on parole and in custody prior to March 23, 2017" and that his parole was revoked on March 23, 2017), which prevents Petitioner from receiving credit toward service of his federal term of imprisonment for that time period, *see* 18 U.S.C. § 3585(b). Additionally, there can be no genuine dispute that Petitioner remained under the primary jurisdiction of Michigan authorities in continuous service of the 60-year aggregated state sentence between March 23, 2017, when Petitioner's parole was revoked, ECF No. 6-2 at 2–3, 7, 54, and August 23, 2018, when Petitioner's federal sentence was imposed, ECF No. 6-2 at 3, 68. Thus, under 18 U.S.C. § 3585(b), Petitioner cannot receive credit toward service of his federal term of imprisonment for that time as well. Finally, Petitioner leaves uncontroverted

Respondent's evidence that the BOP credited Petitioner for his time spent in custody between August 23, 2018, and March 17, 2020, in accordance with the federal court's sentencing order that the federal sentence was to be served concurrent to any undischarged term of Petitioner's state sentence. *Id.* at 4, 69.[4]

Petitioner cannot receive presentence credit toward his federal sentence for time credited to his state sentence, nor may his federal sentence begin to run before the sentence was imposed. Petitioner's disagreement as to what the law means is not a genuine dispute of material *fact* and therefore does not defeat the motion for summary judgment.

### IV.   CONCLUSION

By separate Order which follows, the Petition for Writ of Habeas Corpus, ECF No. 1, is denied, Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 6, is granted.

Date: August  17 , 2021         /s/
                                GEORGE J. HAZEL
                                United States District Judge

---

[4] Moreover, to the extent Petitioner is arguing that, because his federal sentence was to run concurrent with his undischarged state sentence, his sentence commenced prior to August 23, 2018, "a federal sentence cannot commence prior to the date it is pronounced, *even if made concurrent with a sentence already being served*." *Barnes v. Masters*, 733 F. App'x 93, 96 (4th Cir.), *cert. denied*, 139 S. Ct. 468, 202 L. Ed. 2d 357 (2018) (emphasis in original) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)).